## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**ALEXANDER FERMIN CONTRERAS PEREZ,**

    **Petitioner,**

        **v.**                          **Civil Action No. 3:25cv882**

**KRISTI NOEM, *et al.*,**

    **Respondents.**

### <u>MEMORANDUM OPINION</u>

This matter comes before the Court on Petitioner Alexander Fermin Contreras Perez's ("Petitioner") Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Amended Petition"). (ECF No. 4.) In the Amended Petition, Mr. Contreras Perez challenges his detention by Immigration and Customs Enforcement ("ICE"), arguing that ICE's failure to provide him with a bond hearing under 8 U.S.C. § 1226 violates his statutory and regulatory right to such a hearing and his constitutional right to due process under the Fifth Amendment to the United States Constitution. (ECF No. 4 ¶¶ 43–49.)

For the reasons articulated below, the Court will grant the Amended Petition. (ECF No. 4.) The Court will order Respondents to provide Mr. Contreras Perez with a bond hearing under 8 U.S.C. § 1226(a).

## I. Factual and Procedural Background

### A.    Factual Background[1]

Mr. Contreras Perez is a citizen of El Salvador.  (ECF No. 4 ¶ 33.)  "[O]n or around 2005," Petitioner "entered the United States without inspection between ports of entry, across the U.S.-Mexico border."  (ECF No. 4 ¶ 33.)  Until September of 2025, Mr. Contreras Perez resided in Mount Rainier, Maryland "with his pregnant wife and two U.S. citizen children."  (ECF No. 4 ¶ 34.)  In September of 2025, Mr. Contreras Perez "encountered immigration officials for the first time (15 years after his entry) during a traffic stop" and "was arrested by ICE agents and detained."  (ECF No. 4 ¶ 35.)  These ICE officials "detained [Mr. Contreras Perez] at the Farmville Detention Center in Farmville, VA within the territorial jurisdiction of this Court."  (ECF No. 4 ¶ 36.)

On September 18, 2025, "ICE issued a Notice to [A]ppear[2] commencing removal proceedings against Petitioner on September 18, 2025."  (ECF No. 4 ¶ 37.)  Petitioner has a Master Calendar Hearing set for December 17, 2025 and "is not subject to a final order of

---

[1] As discussed below, the Court proceeds by dispelling with additional briefing and incorporating Respondents' filings in this Court's decision in *Duarte Escobar v. Perry, et al.*, 3:25-cv-758 (MHL) (E.D. Va.).  Because the Court has adopted this expedited schedule for ruling on the Amended Petition, neither party has received an opportunity to file a response or reply in which they might include sworn affidavits.  Respondents have recently represented to the Court that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in *Duarte Escobar*."  (ECF No. 6, at 1.)  Accordingly, the Court's recitation of the factual background relies on the facts as alleged in the Amended Petition.

[2] A Notice to Appear is a "'[c]harging document' that 'initiates a proceeding before an Immigration Judge.'"  *Hasan v. Crawford*, —F. Supp. 3d—, 2025 WL 2682255, at *1 n.3 (E.D. Va. 2025) (quoting 8 C.F.R. § 1003.13).

removal." (ECF No. 4 ¶ 37; Automated Case Information. Exec. Off of Immigr. Rev.,

https://acis.eoir.justice.gov/en/caseInformation (last visited Nov. 25, 2025).)

**B.** <u>**Procedural Background**</u>

On October 24, 2025, Mr. Contreras Perez filed a petition for a writ of habeas corpus

under 28 U.S.C. § 2241. (ECF No. 1.) The Court ordered Mr. Contreras Perez to file an

amended petition in compliance with Rule 2(c)(5) of the Rules Governing Section 2254 Cases.[3]

(ECF No. 2.) On November 7, 2025, Mr. Contreras Perez filed the instant Amended Petition in

accordance with habeas Rule 2(c)(5). (ECF No. 4.) The Court directed Respondents to file a

response within thirty days and instructed Petitioner to file a reply within ten days of the filing of

Respondents' response. (ECF No. 2, at 2.)

On November 14, 2025, the Court ordered Respondents to file, by November 21, 2025, a

notice indicating whether the factual and legal issues presented in the Amended Petition differ in

any material fashion from those presented in *Duarte Escobar v. Perry, et al.*, 3:25-cv-758 (E.D.

Va.). (ECF No. 5, at 1.) The Court further ordered that, if Respondents indicated that the factual

and legal issues presented in the Amended Petition do not differ in any material fashion from

those presented in *Duarte Escobar*, "each of the substantive filings in [*Duarte Escobar* would]

be incorporated into this habeas proceeding, and this Court [would] issue a ruling without further

filings from the parties." (ECF No. 5, at 1–2.)

On November 21, 2025, Respondents filed a Response to the Court's November 14, 2025

Order. (ECF No. 6.) In their Response, Respondents "submit that the factual and legal issues

presented in the instant habeas petition do not differ in any material fashion from those presented

---

[3] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules
Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing
§ 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

in *Duarte Escobar*[.]" (ECF No. 6, at 1.) "[C]onsistent with [the Court's] recent order," Respondents contend that "this Court should incorporate the filings in *Duarte Escobar* into the record of this habeas action." (ECF No. 6, at 1.)

The Court therefore incorporates the filings in *Duarte Escobar* into the record. Specifically, the Court incorporates the parties' merits briefing in *Duarte Escobar* into the record. *See Duarte Escobar*, 3:25-cv-758 (MHL), ECF Nos. 16, 18, 19, 20 (E.D. Va.). The Court also dispels with any further briefing by the parties.

## II. Standard of Review

28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." *Id.* "A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations and brackets omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. Analysis

The central question posed in Mr. Contreras Perez's Petition is whether he is entitled to a discretionary bond hearing under 8 U.S.C. § 1226(a)[4] or whether he is subject to the mandatory

---

[4] 8 U.S.C. § 1226 provides, in relevant part:

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

(1) may continue to detain the arrested alien; and

4

detention provision of 8 U.S.C. § 1225(b)(2)(A).[5] Petitioner contends that 8 U.S.C. § 1226

entitles him to a bond hearing.  Specifically, Mr. Contreras Perez argues that (1) the discretionary

detention provisions of 8 U.S.C. § 1226(a) entitle him to a bond hearing, (ECF No. 4 ¶¶ 43–45);

and (2) that his Fifth Amendment due process rights bolster his entitlement to such a hearing,

(ECF No. 4 ¶¶ 46–49).[6]

_____

> (2) may release the alien on—
>
>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>
>> (B) conditional parole.

8 U.S.C. § 1226(a)(1)–(2).

[5] 8 U.S.C. § 1225 provides, in pertinent part:

> (b) Inspection of applicants for admission
>
>> (2) Inspection of other aliens
>>
>>> (A) In general
>>>
>>> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A).

[6] Mr. Contreras Perez also seeks a declaratory judgment that "he is not an applicant for admission "seeking admission" or "an arriving alien" subject to mandatory detention under 8 U.S.C. §§ 1225(b)(1) or (b)(2), and that his current detention by Respondents is proper, if at all, only under 8 U.S.C. § 1226(a)." (ECF No. 4 ¶ 42.)  Because the Court will grant the Amended Petition on statutory and procedural due process grounds, it need not address Mr. Contreras Perez's request for declaratory relief.

5

In opposition, Respondents support the Court's incorporation of their arguments and rationale as recently rejected by this Court in *Duarte Escobar v. Perry*, 3:25-cv-758 (MHL), 2025 WL 3006742 (E.D. Va. Oct. 27, 2025).[7] *See also Perez-Gomez v. Crawford, et al.*, 3:25-cv-773 (MHL), 2025 WL 3141103, (E.D. Va. Nov. 11, 2025) (rejecting the same arguments

---

[7] Respondents' arguments have also been raised and decided throughout the country. The vast majority of the courts addressing this issue have concluded that 8 U.S.C. § 1226(a) pertains, meaning petitioners like Mr. Contreras Perez should receive a bond hearing. *See Quispe Lopez v. Crawford*, No. 1:25-cv-1471 (AJT), 2025 WL 2783799, at *6 n.9 (E.D. Va. Sept. 29, 2025) (collecting thirty cases rejecting Respondents' arguments as of September 29, 2025).

In addition, dozens of courts in the Eastern District of Virginia (including this Court) have rejected Respondents' position on eminently sound bases. *See, e g., Hasan v. Crawford,* — F. Supp. 3d. —, No. 1:25-cv-1408 (LMB), 2025 WL 2682255 (E.D. Va. 2025); *Quispe*, 2025 WL 2783799; *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382 (MSN), 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Vargas Nunez v. Lyons*, 1:25-cv-1574 (LMB), ECF No. 10 (E.D. Va. Oct. 1, 2025); *Diaz Gonzalez v. Lyons*, 1:25-cv-1583 (LMB), ECF No. 8 (E.D. Va. Oct. 1, 2025); *Gomez Alonzo v. Simons*, 1:25-cv1587 (LMB), ECF No. 16 (E.D. Va. Oct. 1, 2025); *Perez Bibiano v. Lyons*, 1:25-cv-1590 (LMB), ECF No. 8 (E.D. Va. Oct. 2, 2025); *Ortiz Ventura v. Noem*, 1:25-cv-1429 (MSN), ECF No. 16 (E.D. Va. Oct. 2, 2025); *Lopez-Sanabria v. Bondi*, 1:25-cv-1511 (MSN), ECF No. 9 (E.D. Va. Oct. 3, 2025); *Singh v. Bondi*, No. 1:25-cv-1525 (MSN), ECF No. 8 (E.D. Va. Oct. 7, 2025); *Guerra Leon v. Noem*, 1:25-cv-1634 (LMB), ECF No. 12 (E.D. Va. Oct. 8, 2025); *Maldonado Merlos v. Noem*, 1:25-cv-1645 (LMB), ECF No. 11 (E.D. Va. Oct. 9, 2025); *Alfaro v. Lyons*, 1:25-cv1569 (AJT), ECF No. 11 (E.D. Va. Oct. 11, 2025); *Singh v. Lyons*, No. 1:25-cv-01606 (AJT), 2025 WL 2932635 (E.D. Va. Oct. 14, 2025); *Teyim v. Perry*, No. 1:25-cv-01615 (MSN), 2025 WL 2950183 (E.D. Va. Oct. 15, 2025); *Hernandez v. Crawford*, No. 1:25-cv-01565, 2025 WL 2940702 (AJT) (E.D. Va. Oct. 16, 2025); *Pineda v. Simon*, No. 1:25-cv-01616 (AJT), 2025 WL 2980729 (E.D. Va. Oct. 21, 2025); *Lapop v. Noem*, No. 1:25-cv-1666 (AJT), 2025 WL 2997507 (E.D. Va. Oct. 24, 2025); *Ramirez Gomez v. Trump*, No. 1:25-cv-1443 (MSN), ECF No. 12 (E.D. Va. Oct. 27, 2025); *Duarte Escobar*, 2025 WL 3006742; *Boquin Oliva v. Noem*, No. 1:25-cv-1592 (RDA), ECF No. 12 (E.D. Va. Oct. 29, 2025); *Aguilar Lares v. Bondi*, No. 1:25-cv-1562 (LMB), ECF No. 18 (E.D. Va. Oct. 29, 2025); *Esquina Flores v. Crawford*, No. 1:25-cv-1564 (PTG), ECF No. 13 (E.D. Va. Nov. 11, 2025); *Palacios Zepeda v. Crawford*, No. 1:25-cv-1561 (PTG), ECF No. 22 (E.D. Va. Nov. 21, 2025) No Court in this District has found otherwise.

The Court recognizes that a small minority of district courts have accepted Respondents' arguments. *See, e.g., Chavez v. Noem,* — F. Supp. 3d —, 2025 WL 2730228, at *4–5 (S.D. Cal. 2025); *Vargas Lopez v. Trump,* — F. Supp. 3d —, 2025 WL 2780351, at *7–10 (D. Neb. 2025). These decisions do not alter this Court's determination.

6

made in *Duarte Escobar*). Here, as in *Duarte Escobar*, Respondents insist (1) that the Court lacks jurisdiction over the Amended Petition by virtue of two jurisdiction-stripping provisions of the Immigration and Nationality Act ("INA"), (*Duarte Escobar*, ECF No. 18, at 7–8); (2) that even if the Court has jurisdiction over the Amended Petition, Mr. Contreras Perez's detention is lawful under 8 U.S.C. § 1225's mandatory detention provisions, (*Duarte Escobar*, ECF No. 18, at 8–20); and (3) that Mr. Contreras Perez's constitutional due process rights have not been violated, (*Duarte Escobar*, ECF No. 18, at 20–28).[8]

The parties' arguments as to all challenges raised are substantially similar to others made in recent § 2241 habeas actions in the Eastern District of Virginia, including two cases decided by this Court. Mr. Contreras Perez's Amended Petition raises no new issues, and Respondents raise no new arguments, that would compel a different outcome.

The Court concludes that 8 U.S.C. § 1226(a) and the Fifth Amendment entitle Mr. Contreras Perez to a bond hearing. Accordingly, the Court will grant the Amended Petition.

---

[8] Respondents, in their arguments as incorporated from *Duarte Escobar*, do not argue that Mr. Contreras Perez has failed to exhaust his administrative remedies, and they therefore waive any argument on this point. The Court notes, however, that even had Respondents raised an exhaustion defense, they would not prevail, because exhausting Mr. Contreras Perez's administrative remedies prior to filing his Amended Petition would be futile. *See Duarte Escobar*, 2025 WL 3006742, at *5.

## A.    The Court Has Jurisdiction Over the Amended Petition

As a threshold matter, this Court has jurisdiction to consider Mr. Contreras Perez's Amended Petition.  Respondents argue that the Court lacks subject-matter jurisdiction over the Amended Petition because two provisions of the INA strip the Court of jurisdiction over the Amended Petition: 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(g).  (*Duarte Escobar*, ECF No. 18, at 7–8.)

As this Court held in *Duarte Escobar*, neither 8 U.S.C. §§ 1252(b)(9)[9] nor 1252(g)[10] divests this Court of jurisdiction under 28 U.S.C. § 2241 to review Mr. Contreras Perez's Amended Petition.  *Duarte Escobar*, 2025 WL 3006742, at *6-8; *see also Luna Quispe*, 2025 WL 2783799, at *2–3.  The Court has jurisdiction to consider the merits of the Amended Petition and proceeds to the substance of Mr. Contreras Perez's claim.

## B.    Mr. Contreras Perez is Entitled to a Bond Hearing Pursuant to 8 U.S.C. § 1226

With respect to the substance of Petitioner's claim, Mr. Contreras Perez argues that his detention is governed by the discretionary detention provisions of § 1226 rather than the mandatory detention provisions in § 1225(b)(2).  (ECF No. 4 ¶¶ 43–45.)  According to Respondents, Mr. Petitioner's detention is lawful under the INA because Mr. Contreras Perez was not legally granted entry into the country and is therefore an "applicant for admission,"

---

[9] For instance, 8 U.S.C. § 1252(b)(9) does not divest this Court of its habeas jurisdiction because Mr. Contreras Perez does not seek review of a removal order.  *Duarte Escobar*, 2025 WL 3006742, at *6–7 (citing *Jennings v. Rodriguez*, 583 U.S. 294–95 (2018) (plurality opinion)).

[10] 8 U.S.C. § 1252(g) likewise does not divest the Court of its habeas jurisdiction because this case does not involve commencement, adjudication, or execution of any immigration order.  *Duarte Escobar*, 2025 WL 3006742, at *7–8 ("[Section] 1252(g) does not apply 'to *all* claims arising from deportation proceedings.'" (quoting *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis added))).

meaning § 1225(b)(2) governs his detention. (*Duarte Escobar*, ECF No. 18, at 8–20.)

For the reasons stated by this Court in *Duarte Escobar*, as well as the dozens of other decisions issued by Courts in this District on the same issue, this Court concludes that Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1226(b)'s mandatory detention procedures. 2025 WL 3006742, at *8–13. This argument fails.

Mr. Contreras Perez has been present in the United States since 2005. He is thus not an "applicant for admission" subject to the mandatory detention provisions of § 1225 but rather falls within the discretionary detention provisions of § 1226(a) governing aliens who are already in the country. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–90, 303 (2018) (finding that § 1226(a) is the "default rule" governing "aliens already in the country" whereas § 1225 governs "aliens seeking admission into the country").[11] For the reasons set out in *Duarte Escobar*, the

---

[11] The Court observes that, for decades, "Immigration Judges have conducted bond hearings for aliens who entered the United States without inspection." *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 n.6 (BIA 2025). But on July 8, 2025, "Acting Director of U.S. Immigration and Customs Enforcement, Todd M. Lyons, issued an internal memorandum explaining that the agency had 'revisited its legal position'" by determining that "[the mandatory detention provisions of section 1225] of the Immigration and Nationality Act (INA), rather than [the discretionary detention provisions of section 1226], is the applicable immigration detention authority for all applicants for admission." *Martinez v. Hyde*, 792 F. Supp. 3d. 211, 217–18 (D. Mass 2025). The July memorandum characterized, seemingly for the first time, all noncitizens who entered the United States without inspection as doing so "seeking admission," no matter how much time passed between their entrance into the United States and their apprehension by law enforcement.

On September 5, 2025, the Board of Immigration Appeals ("BIA") released a precedential decision in *Matter of Yajure Hurtado* in line with Acting Director Lyons' memorandum. "Pursuant to the BIA's decision in *Hurtado*, nearly all noncitizens who entered the United States without inspection are now subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), rather than the discretionary detention provisions of 8 U.S.C. § 1226(a)." *Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *1 (D.N.J. Oct. 22, 2025) (citing *Hurtado*, 29 I&N Dec. at 227–29).

plain text of the INA,[12] Supreme Court precedent, district court decisions around the country, and decades of practice support this conclusion. 2025 WL 3006742, at *8–13. Petitioner is therefore entitled to a bond hearing under § 1226(a) and its implementing regulations.

### C.    Mr. Contreras Perez's Fifth Amendment Due Process Rights Have Been Violated

Finally, Petitioner argues that his detention without a bond hearing violates his due process rights under the Fifth Amendment's Due Process Clause.[13] (ECF No. 4 ¶¶ 46–49.) Respondents contend that Petitioner's due process rights are governed only by the INA, rather than the Fifth Amendment's Due Process Clause, and that even if Petitioner is subject to the Fifth Amendment's Due Process protections, denying him a bond hearing does not violate his constitutional rights.

For the reasons articulated in *Duarte Escobar*, the Court finds that Mr. Contreras Perez's due process rights are governed by the Fifth Amendment and that his continued detention under 8 U.S.C. § 1225 without a bond hearing violates his due process rights. 2025 WL 3006742, at

---

The Court owes the BIA no deference in its interpretation of the INA and interprets §§ 1225 and 1226 *de novo*. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 395–96 (2024).

[12] As this Court explained in *Duarte Escobar*, § 1225 requires that an applicant be "seeking admission" to the United States. 8 U.S.C. § 1225(b)(2). The statute's use of active language suggests that an alien must be taking *active* steps towards "seeking admission" to the United States. Presence in the country is not enough. *Duarte Escobar*, 2025 WL 3006742, at *9. To find otherwise, as Respondents (again) ask this Court to do, would render other provisions of the INA superfluous. *Id.* at *9–10.

[13] The Fifth Amendment to the United States Constitution provides, in pertinent part:

No person shall . . . be deprived of life, liberty or property without due process of law.

U.S. Const. amend. V.

*14–16. Specifically, the Court finds that all three *Mathews* factors weigh in Mr. Contreras

Perez's favor: (1) he has a strong private interest in remaining free from physical detention; (2)

there is a significant risk of erroneous deprivation of his due process rights because he is entitled

to a bond hearing under § 1226(a) that he has not received; and, (3) respondents have failed to

demonstrate a compelling government interest in detaining Petitioner without a bond hearing.

*See Duarte Escobar*, 2025 WL 3006742, at *14–16 (citing *Mathews v. Eldridge*, 424 U.S. 319

(1976)).

## IV. Conclusion

Respondents again encourage the Court to ignore clear statutory text, binding precedent

from the Supreme Court, dozens of cases from within its own District and around the country,

and decades of practice. The Court again declines that invitation.

Because Mr. Contreras Perez has been in the United States for at least twenty years and

because § 1226(a) sets for "the default rule" for detaining and removing aliens "already present

in the United States," *Jennings*, 583 U.S. at 202, Petitioner's detention is governed by § 1226(a).

And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an

Immigration Judge at which the government must prove by clear and convincing evidence that

he poses a danger to the community, or by a preponderance of the evidence that he is a flight risk

if the government seeks to continue detaining Mr. Contreras Perez. 8 U.S.C. § 1226(a); 8 C.F.R.

§ 1236.1(d)(1).[14] Unless and until Respondents meet that burden, Mr. Contreras Perez's

---

[14] 8 C.F.R. § 1236.1(d)(1) provides, in relevant part:

After an initial custody determination by the district director, including the setting
of a bond, the respondent may, at any time before an order under 8 CFR part 1240
becomes final, request amelioration of the conditions under which he or she may
be released. Prior to such final order, and except as otherwise provided in this
chapter, the immigration judge is authorized to exercise the authority [under

continued detention is unlawful.

For the reasons articulated above, the Court will grant Mr. Contreras Perez's Amended Petition, (ECF No. 4), and order that he be provided a bond hearing with an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

An appropriate Order shall issue.

Date: 11/25/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

§ 1226] . . . to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released, as provided in § 1003.19 of this chapter.

8 C.F.R. § 1236.1(d)(1).

12