IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALEXANDER FERMIN CONTRERAS PEREZ,

    Petitioner,

    v.                                                                 Civil Action No. 3:25cv882

KRISTI NOEM, *et al.*,

    Respondents.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, the Court GRANTS Petitioner Alexander Fermin Contreras Perez's Amended Petition. (ECF No. 4.)

Respondents are ORDERED to provide Mr. Contreras Perez with a bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a). Considering Mr. Contreras Perez's December 17, 2025 Master Calendar hearing, the Court ORDERS that the Immigration Court provide Mr. Contreras Perez with the opportunity for a bond hearing prior to any hearing on the merits of his removal, and no later than seven (7) days from the date of entry of this Order.

Respondents are ENJOINED from denying bond to Mr. Contreras Perez on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

Respondents are ORDERED to file a status report with this Court within three (3) days after Mr. Contreras Perez's bond hearing and prior to any hearing on the merits, stating whether Mr. Contreras Perez has been granted bond, and, if his request for bond was denied, the reason for that denial.

In the event Mr. Contreras Perez is released on bond, Respondents are ENJOINED from rearresting Mr. Contreras Perez, unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

Should Mr. Contreras Perez be released on bond, Respondents are FURTHER ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[1]

It is SO ORDERED.

Date: 11/25/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[1] Courts in this District have found that "the automatic stay provision imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan v. Crawford*, — F. Supp. 3d—, 2025 WL 2682255, at *13 (E.D. Va. 2025).